## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHEN PENNYMAN, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:20-cv-01238 (VLB) |
| | : | |
| ROLLIN COOK, et al., | : | |
|     Defendant. | : | |

## ORDER ON MOTION FOR RECONSIDERATION
## OF ORDER VACATING GRANT OF MOTION TO PROCEED *IN FORMA PAUPERIS*, AND MOTION FOR EXTENSION OF TIME

On August 24, 2020, Plaintiff Stephen Pennyman, who is currently incarcerated at MacDougall-Walker Correctional Institution, brought this action under 42 U.S.C. § 1983 against eighteen Connecticut Department of Correction ("DOC") Officials. Compl. [ECF No. 1].

The Court determined Plaintiff's initial motion to proceed *in forma pauperis* ("IFP") to be insufficient because he failed to file a Ledger Sheet showing the past six months of transactions as directed by the instructions contained in the application for relief. *See* Order [ECF No. 6]. The Court granted leave to supplement his motion by filing his Ledger Sheet. *Id.* On August 28, 2020, Plaintiff submitted his Ledger Sheet for his Prisoner Trust Fund Account, which showed that he had a balance of $30.04 as of August 24, 2020. Account Statement [ECF No. 7 at 3]. On August 28, 2020, the Court granted Plaintiff's motion to proceed *in forma pauperis.* Order [ECF No. 8]. Thereafter, the Court issued an Initial Review Order that dismissed his Complaint without prejudice to refiling for failure to comply with Federal Rule of Civil Procedure 8(a)(1-2). Initial Review Order [ECF No. 11].

In an order dated December 17, 2020, the court reviewed Plaintiff's inmate account statements and determined that the order granting Plaintiff's IFP status

should be vacated and instructed Plaintiff to file the court filing fee.  Order [ECF No. 21].  Plaintiff has filed a motion for reconsideration of that order.  [ECF No. 25].  He has also filed a motion for extension of time to extend the time for his payment of the filing fee if the court denies his motion for reconsideration.  [ECF No. 27].

## I.  STANDARD OF REVIEW

In the Second Circuit, the standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see* D. Conn. L. Civ. R. 7(c) (requiring the movant to file along with the motion for reconsideration "a memorandum setting forth concisely the controlling decisions or data the movant believes the Court overlooked.").

There are three grounds for granting a motion for reconsideration: (1) "intervening change of controlling law"; (2) "the availability of new evidence"; or (3) a "need to correct a clear error or prevent manifest injustice."  *Virgin Atl. Airways Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, *Fed. Practice & Procedure*, § 4478 at 790).  If the Court "overlooked controlling decisions or factual matters that were put before it on the underlying motion," reconsideration is appropriate.  *Eisemann v. Greene*, 204 F.3d 393, 395 (2d Cir. 2000) (per curium).  However, a motion for reconsideration should be denied when the movant "seeks solely to relitigate an issue already decided."  *Shrader*, 70 F.3d at

257; *Patterson v. Bannish*, No. 3:10-cv-01481 (AWT), 2011 WL 2518749, at *1 (D. Conn. June 23, 2011) (same).

## II.    DISCUSSION

The Court reviewed Plaintiff's account statement and noted that Plaintiff had settlement funds of $6,350 deposited into his inmate account on January 24, 2020. [ECF No. 21 at 4].  At the time the settlement funds were deposited Plaintiff was aware of his claims, having initiated the grievance procedure on December 9, 2016.  [ECF No. 1], Complaint, Statement of Facts ¶5.  Plaintiff also knew that he would have to pay a filing fee if he initiated a lawsuit.  *Pennyman v. Papoosha et al.*, No. 19-cv-01229-VLB, [ECF No. 2].  He was also aware that by depleting his account he would qualify for IFP status which he sought and continues to seek.  [ECF No. 21 at 4].  With this knowledge, Plaintiff virtually depleted the settlement funds through more than 40 commissary purchases and more than 20 fund transfers outside of the facility.  As a result, on June 30, 2020, Mr. Pennyman had less than $400 remaining in his inmate account, making it appear he was unable to pay a filing fee.  *Id.* at 5.  Recognizing this, the Court corrected its oversight and vacated its order granting Plaintiff leave to proceed IFP.  As the Court explained, Plaintiff's complaint indicates that he was aware of his claims well in advance of filing this action and before he chose to deplete his account.  *Id.* at 6 (citing *Vann v. Comm'r of N.Y. City Dep't of Corr.*, 496 F. App'x 113, 115 (2d Cir. 2012) ("Section 1915(e)(2)(A) serves the purpose of preventing abuse of the judicial system by weed[ing] out the litigants who falsely understate their net worth in order to obtain in forma pauperis status when they are not entitled to that status based on their true net worth." ) (internal quotation marks omitted)).

3

Plaintiff's motion for reconsideration asserts that he sent most of his funds to his son and the son's mother and on gifts for his son and that he no longer has sufficient funds to pay the filing fee in order to pursue this matter. [ECF No. 25-3 at 1-3]. These are all facts known to Mr. Pennyman at the time he filed his motion for IFP status and thus are not a basis for reconsideration.

Even assuming he was not aware of these facts or he had included them in his Motion for *In Forma Pauperis* status and the Court overlooked them he would not qualify for IFP. "All litigants must make decisions about how to spend their money when they are contemplating litigation." *Brown v. Ruiz*, No. 3:20-cv-01202 (KAD), 2020 WL 6395480, at *1 (D. Conn. Nov. 2, 2020). The record shows that Plaintiff depleted his settlement funds between January 24, 2020 and June 30, 2020, so that he had less than $400 and could not pay the filing fee when he commenced this action on August 24, 2020. [ECF No. 26 at 1] (showing Plaintiff's account at $393.78 on June 30, 2000); [ECF No. 18 at 1] (showing deposit of settlement funds of $6,350 on January 24, 2020); *See Martin v. United States*, 317 F. App'x 869, 870-71 (11th Cir. 2008) (affirming denial of *in forma pauperis* application where district court found that prisoner had received $1,818 in deposits in the preceding six months but "chose to spend those funds on matters other than this litigation"). Accordingly, the motion for reconsideration must be denied. In his motion for extension of time, [ECF No. 27], Plaintiff asserts that if he is required to pay the filing fee, it will take him six months to pay the fee. Accordingly, he requests an extension of 180 days. Plaintiff's court filing fee is due on February 8, 2021. [ECF No. 24]. The Court will grant Plaintiff's motion for extension of time to August 9, 2021. However, the court will close

4

Plaintiff's case administratively until Plaintiff pays the court fee; if Plaintiff does not pay the court filing fee by August 9, 2021, the court will dismiss this action with prejudice.

### III.   CONCLUSION

For the foregoing reasons, the motion for reconsideration [ECF No. 25] is DENIED.  The motion for extension of time is GRANTED.  [ECF No. 27].

The Clerk is instructed to close this case administratively.  All other pending motions are denied without prejudice.  If Plaintiff does not pay the court filing fee by August 9, 2021, this action will be dismissed with prejudice and without further notice.

Finally, several points of procedure.  The Court has explained severability and mis-joinder.  If Plaintiff asserts mis-joined claims, they will be severed, IFP will not be granted and Plaintiff will be required to pay the applicable filing fee or the case will be dismissed.  Further, Plaintiff is ordered to secure and read Federal Rules of Civil Procedure 7 and 8.  A request for a court order must state the relief sought and the legal basis which entitles the moving party to the relief sought.  Fed. R. Civ. P. 7(b)(1)(B).  He is advised that the Court is the neutral arbiter of this case and not Plaintiff's advocate.  Plaintiff is instructed not to file letters or requests for this Court to intervene on his behalf.  Such requests are not permitted by any rule and the Clerk will summarily return them if filed in the future without docketing, except as documentation of the material returned.  A complaint must be a plain and concise statement of facts constituting a claim recognized by law, thus Plaintiff may not file exhibits in lieu of stating plainly and concisely facts.  Fed. R. Civ. P. 8.  Plaintiff may only file exhibits as permitted by the Federal Rules, generally in support or opposition

to a motion, such as a motion in opposition to summary judgment as stated in Federal Rule of Civil Procedure 56 and the related Notice to *Pro Se* Litigants.  With the right to file suit comes the obligation to litigate responsibly.  A party who repeatedly violates the rules or ignores the Court's rulings is subject to sanctions, including dismissal of the case.  Plaintiff has been advised of the pleading, motion and reconsideration standards.  Ignoring these advisements, such as by seeking reconsideration without just cause, is sanctionable as it is a waste of judicial resources and an abuse of access to the courts.

_____/s/_____
Vanessa L. Bryant
United States District Judge

SO ORDERED at Hartford, Connecticut this 25th day of January 2021.